# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

Case Name:  The SCO Group, Inc. v. International Business Machines Corporation

Appeal No. (if available) : _____

Court/Agency Appeal From:  United States District Court for the District of Utah

Court/Agency Docket No.: 2:03-CV-00294-DN   District Judge: Hon. David Nuffer

Party or Parties filing Notice of Appeal/Petition: The SCO Group, Inc.

I. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   A. **APPEAL FROM DISTRICT COURT**

      1. Date notice of appeal filed: March 29, 2016

         a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:    No.

         b. Is the United States or an officer or an agency of the United States a party to this appeal?    No.

      2. Authority fixing time limit for filing notice of appeal:

Fed. R. App. 4 (a)(1)(A)  X___        Fed. R. App. 4(a)(6) ____
Fed. R. App. 4 (a)(1)(B) ____         Fed. R. App. 4(b)(1) ____
Fed. R. App. 4 (a)(2)    ____         Fed. R. App. 4(b)(3) ____
Fed. R. App. 4 (a)(3)    ____         Fed. R. App. 4(b)(4) ____
Fed. R. App. 4 (a)(4)    ____         Fed. R. App. 4(c)    ____
Fed. R. App. 4 (a)(5)    ____
Other: _____

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket: <u>March 1, 2016</u>

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b). <u>No.</u>

**(If your answer to Question 4 above is no, please answer the following questions in this section.)**

    a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? <u>Yes.  March 1, 2016.  Dkt. No. 1164              </u>

    b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

    c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable? _____

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court:
_____

    b. Has an order been entered by the district court disposing of any such motion, and, if so, when?_____
_____

6. Cross Appeals.

    a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011)(addressing jurisdictional validity of conditional cross appeals).
_____

      b.      If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n. 18 (10th Cir. 2010)(discussing protective or conditional cross appeals).

      _____

B.    **REVIEW OF AGENCY ORDER**  (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

    1.    Date petition for review was filed:  _____

    2.    Date of the order to be reviewed: _____

    3.    Specify the statute or other authority granting the court of appeals jurisdiction to review the order:  _____
        _____

    4.    Specify the time limit for filing the petition (cite specific statutory section or other authority):  _____
        _____

C.    **APPEAL OF TAX COURT DECISION**

    1.    Date notice of appeal was filed:  _____
(If notice was filed by mail, attach proof of postmark.)

    2.    Time limit for filing notice of appeal: _____

    3.    Date of entry of decision appealed:  _____

    4.    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)  _____

II. **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).** If none, please so state.

No related or prior related appeals in this case.

In a separate but factually related case, <u>The SCO Group, Inc. v. Novell, Inc.</u>, No. 2:04-CV-00139-TS, there were two appeals to this court:

- No. 08-4217, in which The SCO Group, Inc. ("SCO"), as Appellant, submitted an appeal on March 4, 2009, from the district court's order granting summary judgment in favor of Novell, Inc. On August 24, 2009, this Court affirmed the district court's order in part, reversed the order in part, and remanded.

- No. 10-4122, in which SCO, as Appellant, submitted an appeal on September 9, 2010, from a jury verdict following a three-week trial, from the district court's subsequent findings of fact and conclusions of law, and from the district court's order denying SCO's renewed motion for judgment as a matter of law or, in the alternative, for a new trial. On August 30, 2011, this Court affirmed.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE PRESENT ACTION AND RESULT BELOW.**

This case arises out of the relationship between The SCO Group, Inc. ("SCO") and International Business Machines Corporation ("IBM") and IBM's efforts to exploit that relationship to help development of a competing operating system known as Linux. SCO held a majority of the UNIX-on-Intel market with its UNIX operating system in 1998, when IBM and SCO agreed to collaborate to produce a new operating system called Project Monterey. IBM used this project as a pretext to gain access to SCO's proprietary UNIX source code and then copied substantial portions of that code into Linux to make that competing operating system more usable in the marketplace. Because Linux was offered at no cost in the open-source community, it rapidly displaced UNIX, and SCO's UNIX sales rapidly diminished. SCO publicized the alleged copyright infringement and other alleged wrongs committed by IBM, and IBM argued that SCO's tactics were improper and in bad faith, and that it had the right to use any lines of code it added to Linux.

SCO brought this action against IBM asserting, among other claims, unfair competition and tortious interference, and IBM asserted counterclaims. On October 14, 2004, SCO moved for leave to file a third amended complaint, to add a claim for IBM's infringement

of SCO's copyrights based on information discovered in internal IBM documents produced in March and April 2004 (Dkt. No. 322). The district court denied SCO's motion in an order dated July 1, 2005 (Dkt. No. 466). Following the resolution of separate litigation between Novell, Inc. and SCO, SCO proposed that certain of its claims in this case be dismissed, leaving SCO's unfair competition and tortious interference claims as its remaining live claims.

On February 5, 2016, the district court issued an order granting IBM's motion for summary judgment on SCO's unfair competition claim (Dkt. No. 1159); and on February 8, 2016, the district court issued an order granting IBM's motion for summary judgment on SCO's remaining tortious interference claims (Dkt. No. 1160).

On March 1, 2016, the district court issued an order stating that because "the SCO claims in this case are SCO's only asset" and because IBM's counterclaims against SCO are "the only active claims in the case," the disposition of SCO's appeal from the district court's order dismissing SCO's claims was "the course most likely to preserve both judicial and private resources" (Dkt. No. 1163). The district court thus stayed all proceedings "pending the disposition of SCO's appeal" (id.) and entered judgment in favor of IBM and dismissed SCO's causes of action with prejudice (Dkt. No. 1164).

IV.   **ISSUES RAISED IN THIS APPEAL.**

1. Did the district court err in granting summary judgment in IBM's favor on SCO's unfair competition claim (Dkt. No. 1159)?

2. Did the district court err in granting summary judgment in IBM's favor on SCO's tortious interference claims (Dkt. No. 1160)?

3. Did the district court err in denying SCO's motion for leave to file a third amended complaint to add a copyright infringement claim against IBM based on recently discovered information (Dkt. No. 466)?

V. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

A. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed? _____

B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction?_____

C. Describe the sentence imposed. _____
_____

D. Was the sentence imposed after a plea of guilty? _____

E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?
_____

F. Is defendant on probation or at liberty pending appeal? _____

G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

H. Does this appeal involve the November 1, 2014 retroactive amendments to §§ 2D1.1 and 2D1.11 of the U.S. Sentencing Commission's Guideline Manual, which reduced offense levels for certain drug trafficking offenses?
_____

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the clerk of the district court with a copy filed in the court of appeals.

**VI.    ATTORNEY FILING DOCKETING STATEMENT:**

Name**:**  Edward Normand                    Telephone: 914-749-8237

Firm:   Boies, Schiller & Flexner LLP

Email Address: enormand@bsfllp.com

Address:

Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A.    ☒    Appellant

☐    Petitioner

☐    Cross-Appellant

B.  **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

☒  Retained Attorney

☐  Court-Appointed

☐  Employed by a government entity
    (please specify_____)

☐  Employed by the Office of the Federal Public Defender.

| /s/ Edward Normand | April 13, 2016 |
|---|---|
| Signature | Date |

☒  Attorney at Law

**NOTE:**  A copy of the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order **must be submitted with the Docketing Statement.**

The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF may be found on the court's website, www.ca10.uscourts.gov.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Edward Normand, hereby certify that on this 13th day of April, 2016, a true and correct copy of the foregoing **DOCKETING STATEMENT** was electronically filed with the court and forwarded via CM/ECF and electronic mail to the following recipients:

| | |
|---|---|
| SNELL & WILMER L.L.P. | CRAVATH, SWAINE & MOORE LLP |
| Alan L. Sullivan, Esq. | Evan R. Chesler, Esq. |
| Todd M. Shaughnessy, Esq. | David R. Marriott, Esq. |
| Amy F. Sorenson, Esq. | Worldwide Plaza |
| 15 West South Temple, Suite 1200 | 825 Eighth Avenue |
| Salt Lake City, Utah 84101-1004 | New York, New York 10019 |
| Telephone: (801) 257-1900 | Telephone: (212) 474-1000 |
| Facsimile: (801) 257-1800 | Facsimile: (212) 474-3700 |

*Attorneys for Defendant-Appellee International Business Machines Corporation*

Dated: April 13, 2016         /s/ Edward Normand
                              Edward Normand


## CERTIFICATE OF DIGITAL SUBMISSION

The undersigned certifies with respect to this filing that no privacy redactions were necessary. This **DOCKETING STATEMENT** submitted in digital form is an exact copy of the written document filed with the Clerk. The digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program (using Symantec Antivirus which is updated weekly) and, according to the program, is free of viruses.

Dated: April 13, 2016
                              /s/ Edward Normand
                              Edward Normand